1   CHRISTOPHER W. DECKER, CA Bar No. 229426
    christopher.decker@ogletree.com
2   MAZEN I. KHATIB, CA Bar No. 306263
    mazen.khatib@ogletree.com
3   OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
4   400 South Hope Street, Suite 1200
    Los Angeles, CA 90071
5   Telephone: 213-239-9800
    Facsimile: 213-239-9045
6
    Attorneys for Defendant
7   FAIRWAY INDEPENDENT MORTGAGE
    CORPORATION
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11  SUSANA VALDEZ, an individual,        Case No. **'19CV0238 JM   LL**

12              Plaintiff,               **DEFENDANT FAIRWAY
                                         INDEPENDENT MORTGAGE
13       v.                             CORPORATION'S NOTICE OF
                                         REMOVAL OF CIVIL ACTION TO
14  FAIRWAY INDEPENDENT                  UNITED STATES DISTRICT COURT**
    MORTGAGE CORPORATION; and
15  DOES 1 through 20 inclusive,         [Filed concurrently with Civil Cover
                                         Sheet; Notice of Party with Financial
16              Defendants.              Interest and Disclosure Statement; Notice
                                         of Related Cases; Declarations of Leonard
17                                       Krupinski and Mazen I. Khatib in Support
                                         of Removal]
18
                                         Complaint Filed: December 18, 2018
19                                       Trial Date:      None
                                         Judge:           Hon. _____
20

21

22

23

24

25

26

27

28

                                                    Case No. _____

37097453_2.docx

1 **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN**
2 **DISTRICT OF CALIFORNIA AND TO PLAINTIFF SUSANA VALDEZ AND**
3 **HER ATTORNEYS OF RECORD:**

4 PLEASE TAKE NOTICE THAT defendant Fairway Independent Mortgage
5 Corporation ("Defendant" or "Fairway"), by and through the undersigned counsel,
6 hereby removes the above-entitled action from the Superior Court of the State of
7 California for the County of San Diego to the United States District Court for the
8 Southern District of California pursuant to 28 U.S.C. Sections 1332(a) (diversity
9 jurisdiction), 1441(b) and 1446. In support of such removal, Defendant states as
10 follows:

11 **STATEMENT OF JURISDICTION**

12 1. This Court has original jurisdiction over this action under the diversity
13 of citizenship statute: 28 U.S.C. § 1332(a). In relevant part, the diversity statute
14 grants district courts original jurisdiction over civil actions in which the matter in
15 controversy exceeds $75,000, exclusive of interest and costs, and is between citizens
16 of different states. As set forth below, this case meets all of the diversity statute's
17 requirements for removal and is timely and properly removed by the filing of this
18 Notice.

19 **PLEADINGS AND PROCESS ORDERS**

20 2. On or about December 18, 2018, plaintiff Susana Valdez ("Plaintiff")
21 filed a Complaint for Damages ("Complaint") in the Superior Court of the State of
22 California, County of San Diego, entitled *Susana Valdez v. Fairway Independent*
23 *Mortgage Corporation, and Does 1 through 20*, Case No. 37-2018-00063870-CU-
24 OE-CTL ("State Court Action"). A true and correct copy of the Complaint is
25 attached to this Notice as **Exhibit A.**

26 3. The Complaint asserts four causes of action for (1) Disability
27 Discrimination; (2) Retaliation in Violation of Gov't Code § 12940 *et seq.*;

28

1   Case No.

1  (3) Failure to Prevent Harassment, Discrimination, and/or Retaliation in Violation of

2  Gov't Code § 12940 *et seq.*; (4) Wrongful Termination in Violation of Public Policy.

3      4.    In compliance with 28 U.S.C. section 1446(a), attached as the following

4  exhibits are all process, pleadings, and orders served in this action:

5          -    **Exhibit A** – Complaint;

6          -    **Exhibit B** – Summons; Civil Case Cover Sheet; Notice of

7          Assignment and Notice of Case Management Conference.

8          -    **Exhibit C** – Defendant's State Court Answer;

9      5.    Exhibits A – C constitute all pleadings, process and other documents

10  that were served in this action. (Declaration of Mazen I. Khatib, ¶ 2-4.)

11      6.    As discussed in greater detail below, jurisdiction based on diversity of

12  citizenship is proper because Fairway is not a citizen of California.  Further, the

13  matter in controversy exceeds $75,000, exclusive of interest and costs.

14  **TIMELINESS OF REMOVAL**

15      7.    On January 3, 2019, Plaintiff served Fairway with a copy of the

16  Summons, Complaint, Civil Case Cover Sheet, and Notice of Assignment and Notice

17  of Case Management Conference.

18      8.    This Notice is timely filed as it is filed within 30 days of the service of

19  the summons and complaint (28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti*

20  *Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal

21  period begins to run upon service of the summons and complaint)) and within one

22  (1) year of the commencement of this action.  28 U.S.C. § 1446(b)(1).

23  **DIVERSITY JURISDICTION**

24      9.    This Court has subject matter jurisdiction in this case based upon

25  diversity jurisdiction.  28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil

26  matter when the amount in controversy exceeds $75,000, exclusive of interest and

27  costs, and the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  Both

28

DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

37097453_2.docx

1 | of the requirements for subject matter jurisdiction based on diversity jurisdiction are
2 | met in this case and, therefore, this case is removable to this Court.

3 |      10.    The United States Supreme Court has held that, under 28 U.S.C.
4 | Section 1446(a), a defendant seeking to remove a case to federal court need only file
5 | a "notice of removal 'containing a short and plain statement of the grounds for
6 | removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553
7 | (2014). The Court further held this language "tracks the general pleading
8 | requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that
9 | "[a] statement short and plain need not contain evidentiary submissions." *Id.* at 551,
10 | 553.

11 |      11.    For removal purposes, citizenship is measured both when the action is
12 | filed and removed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131
13 | (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14 |      12.    **Plaintiff is a Citizen of California.**  For diversity purposes, a person is
15 | a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*,
16 | 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she
17 | resides with the intention to remain or to which he or she intends to return. *Kanter*,
18 | 265 F.3d at 857. Residence is *prima facie* evidence of domicile. *State Farm Mut.*
19 | *Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lew v. Moss*, 797 F.2d 747,
20 | 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a
21 | rebuttable presumption of domicile supporting diversity of citizenship); *see also*
22 | *State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court
23 | Complaint of residency created a presumption of continuing residence in [state] and
24 | put the burden of coming forward with contrary evidence on the party seeking to
25 | prove otherwise).

26 |      13.    Here, Plaintiff's Complaint alleges that at all relevant times, she was a
27 | resident of California. (See Complaint ¶ 1.) Plaintiff's address according to
28 | Fairway's personnel records is located in Rancho Mission Viejo, California.

1  (Declaration of Leonard Krupinksi ("Krupinski Decl."), ¶ 6.)   Accordingly, Plaintiff

2  is a <u>citizen</u>, <u>resident</u>, and <u>domiciliary</u> of the State of California.

3       14.   **Fairway is a Citizen of Wisconsin and Texas.**  For diversity purposes,

4  a "corporation shall be deemed to be a citizen of any State by which it has been

5  incorporated and of the State where it has its principal place of business." 28 U.S.C.

6  § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009)

7  (citing the statute).  As explained by the United States Supreme Court in *Hertz Corp.*

8  *v. Friend*, 559 U.S. 77 (2010), the phrase principal place of business in 28 U.S.C.

9  § 1332(c)(1) refers to the place where a corporation's high level officers direct,

10  control and coordinate the corporation's activities, *i.e.*, its nerve center, which will

11  typically be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 78.

12       15.   Fairway is now, and ever since this action commenced has been,

13  incorporated under the laws of the state of Texas. (Krupinksi Decl., ¶ 3.)

14       16.   Further, at all relevant times, Fairway's principal place of business and

15  the location that its directors direct, control, and coordinate its corporate activities

16  have been in the State of Texas or Wisconsin.  (*Id.* at ¶ 3-5.)

17       17.   For the purposes of federal diversity jurisdiction, Fairway is a <u>citizen</u>

18  and <u>resident</u> of either the State of Texas or Wisconsin.  Fairway is not a citizen of the

19  State of California.

20       18.   **The Citizenship of "Doe" Defendants Must Be Disregarded.**  The

21  citizenship of fictitiously named "Doe" defendants is disregarded for purposes of

22  removal. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*,

23  157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of

24  citizenship exists, only the named defendants are considered).  Therefore, Plaintiff's

25  inclusion in her civil complaint of "Does 1 through 20" (Complaint, ¶ 4), cannot

26  defeat diversity jurisdiction.

27       19.   Based on the foregoing, complete diversity exists and existed at the time

28  the Complaint was filed, and this Court has original jurisdiction over the case based

1  on diversity jurisdiction pursuant to United States Code, Title 28, Sections 1332(a)
2  and 1441(a).  Thus, this timely Notice of Removal is based on complete diversity of
3  the parties.

### THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

6      20.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011
7  ("JVCA"), which applies to state and federal lawsuits commenced on or after
8  January 6, 2012, defines the standard for showing the amount in controversy.  Pub.
9  L. 112-63, Title II, § 205.

10     21.    Under the JVCA, Congress clarified that the *preponderance of the*
11  *evidence* standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep.
12  112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in
13  controversy requirement has been met").  28 U.S.C. § 1446(c)(2)(A) provides, in
14  relevant part, that "the notice of removal may assert the amount in controversy if the
15  initial pleading seeks … a money judgment, but the State practice … permits
16  recovery of damages in excess of the amount demanded."  Under these
17  circumstances, "removal of the action is proper on the basis of an amount in
18  controversy … if the district court finds, by the preponderance of the evidence, that
19  the amount in controversy exceeds the amount specified in section 1332(a)," or
20  $75,000.  28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must
21  demonstrate that the amount in controversy is more than $75,000 by a preponderance
22  of the evidence, not to a legal certainty.

23     22.    The United States Supreme Court held that, "as specified in §1446(a), a
24  defendant's notice of removal need include only a *plausible allegation* that the
25  amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S. Ct. at 554
26  (emphasis added).  The Ninth Circuit has also rejected application of the legal
27  certainty standard for removals.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728
28  F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal … must

5                          Case No. _____

1  demonstrate, by a preponderance of evidence, that the aggregate amount in
2  controversy exceeds the jurisdictional minimum").

3      23.    A defendant meets this burden when, as here, a plaintiff alleges on the
4  face of the complaint that damages exceed the requisite amount in controversy.
5  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001
6  (C.D. Cal. 2002).  "In measuring the amount in controversy, a court must "assum[e]
7  that the allegations of the complaint are true and assum[e that] a jury [will] return[ ]
8  a verdict for the plaintiff on all claims made in the complaint." *Id.*

9      24.    Even where there is no amount in controversy alleged in the Complaint,
10 the burden is relatively low and a defendant may rely on plaintiff's allegations,
11 which are assumed to be true, and provide supplementary facts or numbers upon
12 which the amount in controversy can reasonably be calculated. *See Korn v. Polo*
13 *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to
14 the contents of the removal petition, the court considers 'summary-judgment-type
15 evidence relevant to the amount in controversy at the time of removal,' such as
16 affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986
17 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of
18 analyzing the amount in controversy"). Such calculations are more than sufficient to
19 establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The
20 amount of overtime claims in controversy can … be calculated using a combination
21 of Defendant's own numbers and Plaintiff's allegations").

22     25.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry
23 in the removal context is not confined to the face of the complaint." *Valdez v.*
24 *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may
25 consider facts presented in the removal petition).  In determining the amount in
26 controversy, the Court must consider the aggregate of general damages, special
27 damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*,
28 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be

1   included in amount in controversy, regardless of whether such an award is
2   discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors*
3   *Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

4       26.   Here, Plaintiff seeks front pay and back pay (Complaint, ¶¶ 22, 30, 37,
5   44, and Prayer for Relief subparts 1 and 3) as well as compensatory damages for
6   emotional distress (Complaint, ¶¶ 23, 31, 38, 45, and Prayer for Relief subparts 1 and
7   3), punitive damages (Complaint, ¶¶ 24, 32, 39, 46, and Prayer for Relief,
8   subpart 5) and attorneys' fees (Complaint, ¶¶ 25, 33, 40, 47, and Prayer for Relief
9   subpart 6.). Fairway estimates the amount in controversy as follows:

10      27.   **Plaintiff's Potential Back Pay and Front Pay Claims Are Estimated**
11  **Place $479,356 In Controversy.**  In her Complaint, Plaintiff alleges that she has
12  suffered and continues to suffer losses in earnings and other employment benefits
13  and job opportunities, as a direct and proximate result of Fairway's alleged actions.
14  (Complaint, ¶ 22, 30, 37, 44, and Prayer for Relief subparts 1-3.)  Plaintiff alleges
15  she was terminated on February 26, 2018. (Complaint, ¶ 11.)  Hence, Plaintiff puts at
16  issue at least 48 weeks of lost income to date (at the time of Removal).  Plaintiff
17  earned $1,980.81 per week. (Krupinksi Decl., ¶ 6).  As such, although Fairway
18  denies Plaintiff is entitled to recover any such damages, if Plaintiff is able to recover
19  back wages from her alleged last day worked to the present, the amount of that back
20  pay for the period of 48 weeks following her termination alone would amount to
21  approximately **$95,078.88** ($1,980.81 * 48 weeks).  Hence, Plaintiff's potential back
22  pay to date, standing alone, places more than $75,000 in controversy.

23      28.   Further, if the case proceeds to trial in February 2020, one year from
24  removal, she would presumably seek another 52 weeks of back pay, which would be
25  an additional **$103,002.12** ($1,980.81 * 52 weeks).  Combined, as of any January
26  2020 trial in this case, Plaintiff will seek lost earnings of at least **$198,081**
27  ($95,078.88 lost wages as of date of removal + $103,002.12 lost wages from date of
28  removal to potential date of trial). In fact, based on the June 2018 Judicial Caseload

1  Profile for the Southern District of California obtained from the United States

2  District Courts' official website, the median time from filing to trial in a civil matter

3  in this judicial district is 35.9 months. (Khatib Decl., ¶ 5 & Ex. D). Thus, based on

4  that statistic, by the time this case is resolved at trial, likely no earlier than

5  November, 2021 (approximately 35 months from the date the lawsuit was filed on

6  December 18, 2018), Plaintiff's alleged lost wages alone could far exceed $75,000

7  (calculating from February 26, 2018 to November 1, 2021 = approximately

8  190 weeks; 190 weeks * $1,980.81/week = **$376,353.90**).

9        29.     In addition, front pay awards in California frequently span a number of

10  years. *See, e.g., Bihun v. AT&T Information Systems, Inc.*, 13 Cal. App. 4th 976,

11  996-997 (1993) (upholding front pay award under the Fair Employment and Housing

12  Act that compensated plaintiff for the remainder of his entire working life)

13  (*disapproved on other grounds in Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644

14  (1993)); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997)

15  (stating that a court has discretion to award front pay in lieu of reinstatement in

16  discrimination matter); *Sercu v. Laboratory Corp. of America*, (2009) WL 3755763,

17  at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in

18  controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D.

19  Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of

20  removal, future lost wages are properly considered in that calculation); *see also*,

21  *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages

22  are properly considered in determining amount in controversy).

23       30.     Even a modest award of one year of front pay would be approximately

24  **$103,002.12** ($1,980.81 * 52 weeks) in additional recovery. *See, Traxler v.*

25  *Multnomah County*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding District Court's

26  decision to award nearly four years front pay under the Family Medical Leave Act of

27  1993, in a wrongful termination suit); *see also*, *Glenn-Davis v. City of Oakland*, 2008

28  WL 410239 at *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in

8

37097453_2.docx

1  a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856

2  (N.D. Cal. 1986) (same); *Horsford v. Board Of Trustees Of California State*

3  *University*, 132 Cal.App.4th 359, 389 (2005) (in a retaliation, discrimination, and

4  wrongful termination action brought by three plaintiffs, the court upheld a front pay

5  award that compensated one of the plaintiffs for two years); *Fritsch v. Swift*

6  *Transportation Company of Arizona, LLC*, 899 F. 3d 785, 793-94 (9th Cir. 2018) ("if

7  the law entitles [the party] to recoup those future wages if [he or she] prevails, then

8  there is no question that future wages are 'at stake' in the litigation, whatever the

9  likelihood that [the party] will actually recover them.").

10    31.    Accordingly, a reasonable estimate of Plaintiff's claims for back pay

11  and front pay is at least **$479,356.02** ($376,353,90 as of date of likely trial +

12  $103,002.12 lost future wages).

13    32.    **Plaintiff's Potential Emotional Distress Damages Far Exceed**

14  **$75,000.**  Plaintiff also alleges that she suffered emotional distress as a result of

15  Fairway's alleged conduct, and seeks damages for such emotional injury.

16  (Complaint, ¶¶ 23, 31, 38, 45, and Prayer for Relief subparts 1 and 3.)  While

17  Plaintiff does not state a specific amount of damages for emotional distress, "the

18  vagueness of plaintiffs' pleadings with regard to emotional distress damages should

19  not preclude this court from noting these damages are potentially substantial."

20  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's

21  failure to make explicit demands did not prevent satisfaction of amount in

22  controversy).  A review of jury verdicts in California demonstrates that emotional

23  distress awards in cases alleging the causes of action Plaintiff alleges here commonly

24  exceed $75,000.[1]  (See Khatib Decl. ¶ 6 & Ex. E.)  The following cases have resulted

25  in emotional distress damages awards in excess of the $75,000 threshold:

26

27  [1] All of these verdicts are available in the Westlaw or Lexis databases and are
    attached as Exhibit E to the Declaration of Mazen I. Khatib, filed concurrently

28  herewith.  Defendant requests that the court take judicial notice of these verdicts.

- *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) **($300,000 for non-economic damages** where plaintiff alleged her disability restrictions were not accommodated by employer);

- *Leggins v. Rite Aid Corporation, et. al.*, No. BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Super. Ct.) **($2,500,000 for pa st and future pain and suffering** in age and disability discrimination and harassment case where the plaintiff claimed he was terminated in retaliation for his disability and complaints of harassment and discrimination);

- *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (Los Angeles County Super. Ct.) **(award of $3,000,000 in pain and suffering** to employee who was terminated after taking medical leaves in disability discrimination case);

- *Ismen v. Beverly Hospital*, 2008 WL 4056258 (Los Angeles County Super. Ct.) **($113,100 for emotional distress** where plaintiff alleged disability discrimination when employer represented it could not accommodate restrictions);

- *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (Los Angeles County Super. Ct.) **($300,000 for non-economic damages** where plaintiff claimed employer failed to accommodate her physical disability);

- *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Super. Ct.) **($300,000 for non-economic damages** where plaintiff alleged employer failed to engage in interactive process or accommodate permanent restrictions);

(See Request for Judicial Notice, filed concurrently herewith.)

37097453_2.docx

- *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (San Francisco County Super. Ct.) (awarding **$2,340,700** to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave);

- *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, 2003 WL 24304125 (Riverside County Super. Ct.) **($300,000 for non-economic damages** where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation).

- *Cosby v. Autozone, Inc*. 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of **$1,326,000 in mental suffering** to employee terminated based on disability);

- *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Super. Ct). (award of **$2,087,500 pain and suffering damages** for doctor alleging discrimination and wrongful discharge);

- *Izaguirre vs. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles County Super. Ct.) **($85,000 for noneconomic damages** where plaintiff alleged she was required to return to work after the expiration of her 12 week FMLA leave and denied further accommodation) and;

- *Shay v. TG Construction, Inc.*, 2002 WL 31415020 (Ventura County Super. Ct.) **($137,500 for pain and suffering** in disability discrimination case where plaintiff terminated after he returned to work with crutches).

33.   Plaintiff's allegation that Fairway terminated her employment due to a purported disability is similar to both the factual and legal issues raised in many of the cases above. Plaintiff's allegation that she suffered retaliation for seeking reasonable accommodation for her purported disability is also similar to the allegations in many of the cases above. When measured in light of the allegations

11                              Case No.

1 | and damages awarded in the cases cited above, even from a conservatively measured
2 | standpoint, Plaintiff's prayer for emotional distress damages alone places at least
3 | $75,000 in controversy. In addition, in *Young v. Los Angeles Community College*
4 | *Dist.*, (Los Angeles County Super. Ct.) Case No. BC396785, 2011 WL 6305043
5 | (February 17, 2011), the plaintiff was awarded $150,000 for emotional distress
6 | damages—or approximately 1.2 times the alleged lost past wages. Applying the
7 | same multiplier here, Plaintiff's prayer for emotional distress damages places at least
8 | **$335,121.60** ($279,268 * 1.2) in controversy. Even making very conservative
9 | assumptions regarding the potential award, Plaintiff's prayer for emotional distress
10 | damages satisfies the requirement that the amount in controversy exceeds $75,000.

11 |     34.   **Plaintiff Further Claims Entitlement to Punitive Damages.** In
12 | addition to the damages discussed above, Plaintiff seeks punitive damages.
13 | (Complaint, ¶¶ 24, 32, 39, 46, and Prayer for Relief, subpart 5.) The Court must also
14 | consider each Plaintiff's request for punitive damages in determining the amount in
15 | controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well
16 | established that punitive damages are part of the amount in controversy in a civil
17 | action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787
18 | (9th Cir. 1963) (punitive damages must be taken into account where recoverable
19 | under state law); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal.
20 | 2005) (where authorized, punitive damages are considered as part of the amount in
21 | controversy in meeting the prerequisite for diversity jurisdiction). For amount in
22 | controversy purposes, the court must conclude that Plaintiff will prevail on her claim
23 | for punitive damages. *See, Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50
24 | (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive
25 | damages award).

26 |     35.   Punitive damages may be substantial and in some cases even exceed the
27 | amount of compensatory damages, as demonstrated by the following cases, also
28 |

DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

37097453_2.docx

1  included in Exhibit E to the Khatib Declaration.[2]  *See, Carter v. CB Richard Ellis*,
2  2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive
3  damages in discrimination case). In fact, courts have affirmed jury verdicts
4  exceeding $1 million in punitive damages in alleged wrongful termination cases. *See,*
5  *e.g., Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*, No. BC511139,
6  2015 Jury Verdicts LEXIS 7889 (Los Angeles County Sup. Ct.) (awarding
7  $5,000,000 in punitive damages in case involving claims of age, disability and race
8  harassment, discrimination, retaliation and wrongful termination, among other
9  things); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL
10 1765192 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery
11 driver claiming employer terminated her because of her disability leave). Further, in
12 *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United
13 States Supreme Court held that the longstanding historical practice of setting
14 punitive damages at two, three, or four times the size of compensatory damages,
15 while "not binding," is "instructive," and that "single-digit multipliers are more
16 likely to comport with due process."

17      36.     In *Leggins*, 2015 Jury Verdicts LEXIS 7889, the plaintiff alleged that
18 his employer subjected him to harassment and discrimination as a result of his race,
19 age and disability after he suffered a neck injury and needed medical leaves.  He
20 further alleged that his complaints went ignored, and he was terminated in retaliation
21 for making complaints and taking time off work relating to his disability.  Accepting
22 the plaintiff's facts, the jury awarded him 5 million dollars in punitive damages
23 while compensatory damages totaled approximately 3.8 million dollars. *Id.*

24      37.     Here, similar to the facts presented in the *Leggins* case, Plaintiff is
25 alleging that Fairway discriminated and retaliated against her based on actual or

26

27  [2] These verdicts are also available in the Westlaw or Lexis databases.  Defendant
    requests that the court take judicial notice of these verdicts.  (See Request for
28  Judicial Notice, filed concurrently herewith.)

37097453_2.docx

1  perceived disability and wrongfully terminated her employment. Therefore, in
2  addition to Plaintiff's special and general damages discussed above, and, again, even
3  from a conservatively measured standpoint, each of Plaintiff's causes of action and
4  her prayer for punitive damages demonstrate that the amount in controversy exceeds
5  $75,000—even though Fairway has a legitimate non-discriminatory reason for its
6  actions and defenses. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-
7  GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. 2009) (finding that even a minimum
8  award of punitive damages would satisfy the jurisdictional requirement).

9      38.  **It Is More Likely Than Not That Attorneys' Fees For Bringing A**
10  **FEHA Claim to Trial Exceed $75,000.** Plaintiff seeks an award of attorneys' fees.
11  (Complaint, ¶¶ 25, 33, 40, 47, and Prayer for Relief subpart 6.). Attorneys' fees are
12  properly considered in calculating the amount-in-controversy for purposes of
13  removal on grounds of diversity jurisdiction. *Galt G/S*, 142 F.3d at 1156 (claims for
14  statutory attorneys' fees to be included in amount in controversy, regardless of
15  whether such an award is discretionary or mandatory); *Haase*, 2009 WL 3368519, at
16  *5 ("because attorney's fees are expressly authorized by statute, such fees may be
17  included in determining the amount in controversy").

18      39.  The Court may consider all attorneys' fees that at the time of removal
19  can reasonably be anticipated will be incurred over the life of the case. *See*
20  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that
21  "potential attorneys' fees" could be considered for purposes of meeting the amount
22  in controversy requirement) (emphasis added); *Brady v. Mercedes-Benz USA, Inc.*,
23  243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount
24  in controversy must be made based on facts known at the time of removal, that does
25  not imply that items such as future income loss, damages, or attorneys' fees likely to
26  be incurred cannot be estimated at the time of removal").

27      40.  In employment cases, fee awards alone normally eclipse the $75,000
28  amount in controversy requirement for diversity jurisdiction. *See Simmons v. PCR*

14

37097453_2.docx

1   *Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that in
2   its twenty-plus years' experience, attorneys' fees in individual discrimination cases
3   often exceed the damages"); *see also Akers v. Cnty. of San Diego,* 95 Cal. App. 4th
4   1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination
5   case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.,* No. 06CV05356
6   (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a
7   single plaintiff case).

8       41.    Thus, Fairway conservatively estimates that Plaintiff's attorneys' fees in
9   this matter are likely to cause Plaintiff's alleged damages to far exceed the
10   jurisdictional minimum of $75,000.

11       42.    **The Amount In Controversy Exceeds $75,000.** When Plaintiff's
12   potential emotional distress damages, and attorneys' fees are added to Plaintiff's
13   alleged lost wages, it is further evidence that, "more likely than not," the amount at
14   issue in this lawsuit far exceeds the minimum amount required for diversity
15   jurisdiction. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860 (9th Cir.),
16   *opinion amended and superseded on denial of reh'g,* 102 F.3d 398 (9th Cir. 1996).[3]
17   Since diversity of citizenship exists between the Plaintiff and Fairway, and the matter
18   in controversy between the parties is in excess of $75,000, exclusive of interests and
19   costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section
20   1332(a)(1).  This action is therefore a proper one for removal to this Court.

21                       **NO JOINDER REQUIRED**

22       43.    Unnamed, or Doe defendants are not required to join in removal.
23   *Emrich v. Touche Ross & Co.,* 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants
24   need not join in removal).

25

26    [3] By estimating the amount Plaintiff may recover if she prevails, Fairway does not
27   concede that Plaintiff will prevail on her claims or that, if she prevails, she is entitled
to damages in any particular amount or at all.  Fairway reserves the full right to
28   dispute Plaintiff's claims with respect to both liability and damages.

37097453_2.docx

1

## VENUE

2      44.   In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed
3  in the District Court of the United States in which the action is pending.  The State
4  Court Action was pending in the Superior Court of California for the County of San
5  Diego, which is located within the Southern District of California.  Therefore, venue
6  is proper in this Court because it is the "district and division embracing the place
7  where such action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(d)
8  (describing the Southern District of California as comprising, San Diego and
9  Imperial Counties).

10

## NOTICE OF REMOVAL TO PLAINTIFF

11      45.   In accordance with 28 U.S.C. §1446(d), Fairway will promptly give
12  written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy
13  of the Notice with the clerk of the Superior Court of the State of California, County
14  of San Diego.  Further, in accordance with Federal Rule of Civil Procedure 7.1 and
15  Southern District of California Local Rule 40.2, respectively, Fairway concurrently
16  files its Disclosure Statement and Notice of Party with Financial Interest.

17

## PRAYER FOR REMOVAL

18      46.   WHEREFORE, because this civil action is between citizens of different
19  states and the matter in controversy exceeds $75,000, exclusive of interest and costs,
20  Fairway respectfully requests that this Court exercise its removal jurisdiction over
21  this action.  Accordingly, Fairway prays that this civil action be removed from the
22  Superior Court of the State of California, County of San Diego, to the United States
23  District Court of the Southern District of California.

24  ///
25  ///
26  ///
27  ///
28  ///

16                   Case No. _____

1    In the event this Court questions the propriety of this Notice of Removal,

2    Fairway requests that the Court issue an Order to Show Cause so that Fairway may

3    have an opportunity to more fully brief the basis for this removal.

4

5    DATED: February 1, 2019          OGLETREE, DEAKINS, NASH, SMOAK &
                                       STEWART, P.C.
6

7

8                                      By:  /s/ Mazen I. Khatib
                                            Christopher W. Decker
9                                           Mazen I. Khatib

10                                     Attorneys for Defendant
                                       FAIRWAY INDEPENDENT MORTGAGE
11                                     CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      17          Case No.

37097453_2.docx