# EXHIBIT A

1  **AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
2  ALI S. CARLSEN, State Bar No. 289964
9811 Irvine Center Drive, Suite 100
3  Irvine, California 92618
Telephone: (949) 379-6250
4  Facsimile: (949) 379-6251
khaque@aegislawfirm.com
5  acarlsen@aegislawfirm.com
6
Attorneys for Plaintiff,
7  SUSANA VALDEZ
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/18/2018** at 05:21:49 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF SAN DIEGO**

11

12  SUSANA VALDEZ, an individual,          CASE NO.   37-2018-00063870-CU-OE-CTL

13           Plaintiff,                    **COMPLAINT FOR DAMAGES**

14       vs.
                                           1.  **Disability Discrimination;**
15  FAIRWAY INDEPENDENT MORTGAGE           2.  **Retaliation [Government Code §**
    CORPORATION; and DOES 1 through 20         **12940 et seq.];**
16  inclusive,                             3.  **Failure to Prevent Discrimination and**
                                               **Retaliation; and**
17           Defendants.                   4.  **Wrongful Termination in Violation of**
                                               **Public Policy.**
18
                                           **JURY TRIAL REQUESTED**
19
                                           [UNLIMITED JURISDICTION]
20

21

22

23

24

25

26

27

28

1

1    Plaintiff SUSANA VALDEZ, ("Plaintiff") hereby brings this Complaint against Defendant

2   FAIRWAY INDEPENDENT MORTGAGE CORPORATION ("FIMC"), and DOES 1 through

3   20, inclusive (collectively "Defendants") and alleges as follows:

4                    **THE PARTIES, VENUE, AND GENERAL ALLEGATIONS**

5        1.    Plaintiff is, and at all relevant times herein has been, an individual residing in

6   California.

7        2.    Plaintiff is informed and believes that FIMC is a business entity with locations

8   throughout California, including in San Diego County.

9        3.    Plaintiff is informed and believes, and on that basis alleges, that at all times

10   material hereto, Plaintiff was an employee of Defendants. Defendants were and are employers

11   covered by the Fair Employment and Housing Act ("FEHA") and the California Government

12   Code.

13        4.    The true names and capacities, whether a corporation, agent, individual, or

14   otherwise, of defendant DOES 1 through 20, are unknown to Plaintiff, who therefore sues said

15   Defendants by such fictitious names. Each defendant designated herein as a DOE is negligently or

16   otherwise legally responsible in some manner for the events and happenings referred to herein and

17   thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek

18   leave of Court to amend this Complaint to show their names and capacities when the same have

19   been ascertained.

20        5.    At all times mentioned herein, DOES 1 through 20, were the agents,

21   representatives, successors and/or assigns of Hoag and at all times pertinent hereto were acting

22   within the course and scope of their authority as such agents, representatives, employees,

23   successors and/or assigns.

24        6.    Plaintiff is informed and believes that at all times material hereto, Defendants and

25   its agents, employees, alter egos, and/or joint ventures were acting within the course and scope of

26   such agency, employment, joint venture, or concerted activity.

27        7.    Plaintiff is informed and believes that at all relevant times herein mentioned,

28   Defendants are and were corporations, business entities, individuals, and partnerships, licensed to

1 | do business and actually doing business in the State of California.

2 | 8. Pursuant to California Code of Civil Procedure § 395(a), venue is proper in the
3 | above-entitled Court because all facts giving rise to the cause of actions stated herein arose in San
4 | Diego County, California. Venue is further proper under Government Code § 12965(b) because
5 | the unlawful practices were committed in San Diego County, California, Plaintiff worked in San
6 | Diego County, California, and Plaintiff is informed and believes that records relevant to this action
7 | are maintained in San Diego County, California.

8 | 9. Plaintiff is informed and believes that the Defendants committed other wrongful
9 | acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to
10 | identify said wrongful acts, and will seek leave of Court to amend this Complaint to add said acts
11 | upon discovery.

12 | **FACTS COMMON TO ALL CAUSES OF ACTION**

13 | 10. Plaintiff began working for FIMC as a Senior Loan Processor in FIMC's branch
14 | located in San Diego, CA on or about August 7, 2017. Plaintiff received positive performance
15 | feedback from Defendants and worked without incident until she disclosed her disability to FIMC.

16 | 11. On or about February 9, 2018, Plaintiff had begun to suffer from an episode of
17 | vertigo—among other symptoms, Plaintiff felt extremely dizzy, was unable to maintain her
18 | balance when standing upright, and felt nauseous. That morning, Plaintiff sent a text message to
19 | her supervisor, Jeanette Lee ("Lee"), informing Lee that she would not be able to come into work
20 | that day because she was suffering from vertigo. Lee responded to Plaintiff, asking her what
21 | vertigo was, and asked if Plaintiff had her laptop with her so that she could work from home.
22 | Plaintiff responded to Lee, and worked from home that day.

23 | 12. The following day, on or about February 10, 2018, Plaintiff returned to work and
24 | was called into Lee's office. Lee began to interrogate Plaintiff about her vertigo, asking Plaintiff
25 | "can't you just take a pill and make it go away?" Lee then told Plaintiff that "you're no good to me
26 | if you're not 100%." Lee then gave Plaintiff various tasks to work on, and sent Plaintiff to work
27 | from home for the remainder of the day.

28 | ///

1    13.    On February 26, 2018, Plaintiff was informed by the Branch Manager and the
2    Operations Manager that she was being terminated for "inconsistency and health issues." Plaintiff
3    repeatedly asked for clarification on what Defendants meant by "inconsistency and health issues,"
4    but received no further explanation.

5    14.    Plaintiff is informed and believes and thereon alleges that Defendants terminated
6    her employment specifically because of her actual or perceived disability, and/or request for and
7    need for accommodations.

8    15.    On or about November 20, 2018, Plaintiff filed a Charge of Discrimination with the
9    Department of Fair Employment and Housing against Defendants and obtained a Right-to-Sue
10   Notice authorizing Plaintiff to institute this action.

11                                    **FIRST CAUSE OF ACTION**
12                                      **Disability Discrimination**

13   16.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs as
14   though fully set forth herein.

15   17.    At all times relevant herein, Government Code §§ 12900 *et seq.* was in full force
16   and effect, and was binding upon Defendants. Said section makes it unlawful for an employer to
17   discriminate against an employee on the basis of a disability, whether actual or perceived.

18   18.    As more fully set forth above, Plaintiff was disabled while employed by
19   Defendants. Plaintiff's disabilities limited her ability to perform major life activities, including,
20   but not limited to her ability to work, and/or walk. Defendants knew and/or treated Plaintiff as if
21   she had a disability that limited her ability to perform major life activities as set forth in this
22   Complaint.

23   19.    At all times mentioned herein, Plaintiff was willing and able to perform the
24   essential job duties of her position or other available positions if reasonable accommodation had
25   been made by Defendants. Plaintiff is informed and believes that at no time would the
26   performance of the functions of the employment position(s), with a reasonable accommodation for
27   Plaintiff's disability, have been a danger to Plaintiff's or any other person's health or safety, nor
28   would it have created an undue hardship to the operation of Defendants' business.

20.     As set forth more fully above, Defendants discriminated against and took adverse employment actions against Plaintiff due to her actual or perceived disability including but not limited to failing to accommodate her disability, failing to timely interact in good faith regarding accommodations for her disability, and ultimately terminating her employment.

21.     Plaintiff is informed and believes and thereon alleges that her actual or perceived disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against her, in violation of California Government Code § 12940(a).

22.     As a direct and proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

23.     As a further direct and proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in an amount according to proof at the time of trial.

24.     In doing the acts herein alleged, Defendants and one or more of Defendants' officers, directors, and/or managing agents, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights, or authorized and/or ratified such conduct, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

25.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### Retaliation

26.     Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

27.     At all times relevant herein, Government Code § 12940(h) was in full force and effect, and was binding upon Defendants. Said section requires the Defendants to refrain from retaliating against any employee for engaging in protected conduct.

28.     As set forth fully above, Plaintiff was disabled during her employment with

EXHIBIT A - PAGE 8

1   Defendants and engaged in protected activity, including but not limited to, seeking reasonable
2   accommodations for her disability, and attempting to engage in a timely good-faith interactive
3   process.

4       29.     As a result of Plaintiff's disabling medical conditions, exercise of her right to seek
5   reasonable accommodation for her disability, and/or attempts to engage in a timely good-faith
6   interactive process to determine reasonable accommodation, Defendants retaliated against Plaintiff
7   by subjecting her to adverse employment actions, including but not limited to, terminating
8   Plaintiff's employment.

9       30.     As a direct and proximate result of the wrongful conduct of Defendants, and each
10  of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other
11  employment benefits in an amount according to proof at the time of trial.

12      31.     As a further direct and proximate result of the wrongful conduct of Defendants, and
13  each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish,
14  all to Plaintiff's damage in an amount according to proof at the time of trial.

15      32.     In doing the acts herein alleged, Defendants and one or more of Defendants'
16  officers, directors, and/or managing agents, and each of them, acted with oppression, fraud,
17  malice, and in conscious disregard of Plaintiff's rights, or authorized and/or ratified such conduct,
18  and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time
19  of trial.

20      33.     Plaintiff has also incurred and continues to incur attorney's fees and legal expenses
21  in an amount according to proof at the time of trial.

22                          **THIRD CAUSE OF ACTION**

23              **Failure to Prevent Discrimination and Retaliation**

24      34.     Plaintiff hereby incorporates by reference the allegations in the paragraphs above as
25  though fully set forth herein.

26      35.     Plaintiff was subjected to discrimination and retaliation because she suffered from
27  an actual or perceived disability, sought reasonable accommodation(s), and attempted to engage in
28  a timely good-faith interactive process to determine whether reasonable accommodation was

1 | possible.

2 |      36.    Defendants failed to take reasonable steps to prevent the discrimination and
3 | retaliation. Such conduct is in violation of California Government Code § 12900 *et seq.* and has
4 | resulted in damage and injury to Plaintiff as alleged herein.

5 |      37.    As a direct and proximate result of the wrongful conduct of Defendants, and each
6 | of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other
7 | employment benefits in an amount according to proof at the time of trial.

8 |      38.    As a further direct and proximate result of the wrongful conduct of Defendants, and
9 | each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish,
10 | all to Plaintiff's damage in an amount according to proof at the time of trial.

11 |      39.    In doing the acts herein alleged, Defendants and one or more of Defendants'
12 | officers, directors, and/or managing agents, and each of them, acted with oppression, fraud,
13 | malice, and in conscious disregard of Plaintiff's rights, or authorized and/or ratified such conduct,
14 | and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time
15 | of trial.

16 |      40.    Plaintiff has also incurred and continues to incur attorney's fees and legal expenses
17 | in an amount according to proof at the time of trial.

18 | **FOURTH CAUSE OF ACTION**

19 | **Wrongful Termination in Violation of Public Policy**

20 |      41.    Plaintiff hereby incorporates by reference the allegations in the paragraphs above as
21 | though fully set forth herein.

22 |      42.    The discharge of Plaintiff by Defendants violates fundamental principles of public
23 | policy in that there is a substantial and fundamental policy against terminating employees for
24 | unlawful purposes, including on account of an employee's disability, an employee's request for
25 | reasonable accommodations for a disability, an employee's exercise of right to seek medical leave,
26 | and for exercising rights under the Constitution and laws of the State of California.

27 |      43.    On or about November 10, 2017, Defendants wrongfully terminated Plaintiff's
28 | employment. Plaintiff is informed and believes that her employment was terminated because of

7<br>COMPLAINT

1 | her actual or perceived disability, request(s) for accommodation, and her attempts to engage in a
2 | timely good faith interactive process with Defendants.

3 |      44.    As a direct and proximate result of the wrongful conduct of Defendants, and each
4 | of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other
5 | employment benefits in an amount according to proof at the time of trial.

6 |      45.   As a further direct and proximate result of the wrongful conduct of Defendants, and
7 | each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish,
8 | all to Plaintiff's damage in an amount according to proof at the time of trial.

9 |      46.    In doing the acts herein alleged, Defendants and one or more of Defendants'
10 | officers, directors, and/or managing agents, and each of them, acted with oppression, fraud,
11 | malice, and in conscious disregard of Plaintiff's rights, or authorized and/or ratified such conduct,
12 | and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time
13 | of trial.

14 |      47.    Plaintiff has also incurred and continues to incur attorney's fees and legal expenses
15 | in an amount according to proof at the time of trial.

16 | **PRAYER FOR RELIEF**

17 | WHEREFORE, Plaintiff prays for judgment as follows:

18 |      1.    For general damages and compensatory damages in an amount according to proof,
19 | together with prejudgment interest;

20 |      2.    For special damages;

21 |      3.    For compensatory damages according to proof, including past and future lost
22 | earnings and other employment benefits, costs of seeking other employment and for damages for
23 | personal injuries, emotional distress, humiliation and mental anguish;

24 |      4.    For interest at the legal rate from the date of injury or pursuant to Code of Civil
25 | Procedure § 3287;

26 |      5.    For all damages and penalties available for violations of the FEHA;

27 |      6.    For an award of attorney's fees pursuant to Government Code § 12965 (b), and any
28 | other applicable provisions of California statutory or common law;

7.  For punitive and exemplary damages, according to proof;

8.  For costs of suit incurred; and

9.  For any other and further relief as the Court deems just and proper.

DATED: December 17, 2018                    AEGIS LAW FIRM, PC

                                            By: _____
                                                        Kashif Haque
                                                        Ali S. Carlsen
                                            Attorneys for Plaintiff SUSANA VALDEZ

9
COMPLAINT

1                            **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3

4    DATED: December 17, 2018                AEGIS LAW FIRM, PC

5

6                             By:

7                                    Kashif Haque

8                                    Ali S. Carlsen
                                    Attorneys for Plaintiff SUSANA VALDEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10<br>COMPLAINT